UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

    v.                                                    No. 3:11-CV-00318
                                                        Judge Wiseman

AN EASEMENT AND RIGHT-OF-WAY
OVER 0.11 ACRE OF LAND, MORE
OR LESS, IN SUMNER COUNTY,
TENNESSEE, and
JAMES PERRY,
BETTY PERRY, his wife,
Defendants.

## JUDGMENT AND ORDER DISBURSING FUNDS

This action came on to be considered, and it appears to the Court, as evidenced by the signatures below, that the parties have agreed to resolve this action as hereinafter provided:

It is, therefore, Ordered and Adjudged that:

1. Defendants shall recover of the Plaintiff $2,940 as full compensation for the taking of the easement and right-of-way herein condemned, which amount has been deposited by Plaintiff with the registry of this Court in this action, the disbursement of which is provided for in paragraph 3 below.

3. The Clerk of this Court is authorized and directed to (1) close out the interest-bearing account with Bank of America in Nashville, Tennessee, that was created pursuant to the Investment Order entered herein (Doc. 6), (2) deposit the sum received from the account into the registry of this Court, (3) draw a check on the funds on deposit in the registry of this Court in the

1

principal amount of $2,940 (plus all interest earned on the account less the Clerk's registry fee) payable to the Harsh & Harsh Trust Account, and (4) mail said check to Joseph D. Harsh, Esq., Harsh & Harsh, 123 Public Square, Gallatin, Tennessee 37066.

    4. The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed herein on April 4, 2011 (Doc. 2), is hereby fully and finally confirmed with respect to the easement rights described below, said descriptions being the same as in Attachment 1 to the Declaration of Taking filed herein (Doc. 2-1):

> A permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, in, on, over, and across said right-of-way, together with the right to clear said right-of-way and keep the same clear of all trees, brush, buildings, signboards, billboards and fire hazards, to destroy or otherwise dispose of such trees and brush, and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Plaintiff to remain liable for any direct physical damage to the land, annual crops, fences, and roads resulting directly from the operations of the construction and maintenance forces of Plaintiff in and about the erection and maintenance thereof, all upon, under, over, and across the following-described land:
>
> TRACT NO. GATN-122
>
> A parcel of land located in the Fourteenth Civil District of Sumner County, State of Tennessee, as shown on a map entitled "Gallatin-Angeltown Transmission Line," drawing LW-8707, sheet P6, R.1, the portion of said map which shows said parcel of land being attached to the Declaration of Taking filed herein, the said parcel being more particularly described as follows:
>
> Commencing at a point, the said point being a rebar which is a common corner in the lands of James Perry, et ux., Louis Winterfield, et ux., and others; thence leaving the said common corner and with the property line between James Perry, et ux., and Louis Winterfield, et ux., S. 81° 54' 40" E., 134.28 feet to a point on the southwest right-of-way line of the transmission line location, the said point being the POINT OF BEGINNING.

Thence leaving the Point of Beginning and the said southwest right-of-way line of the location and continuing with the said property line S. 81° 54' 40' E., 123.32 feet, crossing the centerline of the location at survey station 940+52.0 (61.66 feet), to a point on the northeast right-of-way line of the location; thence leaving the said property line and with the said northeast right-of-way line of the location S. 27° 43' 35" E., 21.98 feet to a point on the north right-of-way line of Sumner County, Tennessee (Whitson Road) and the south property line of James Perry, et ux., the said point being 50 feet right of the centerline of the location at survey station 939+93.98; thence leaving the said northeast right-of-way line of the location and with the meanders of the said road right-of-way line and the said property line in a westerly then southwesterly direction 101.16 feet, crossing the centerline of the location at survey station 940+04.10 (51.07 feet), to a point on the aforementioned southwest right-of-way line of the location, the said point being 50 feet left of the centerline of the location at survey station 940+05.92; thence leaving the said road right-of-way line and the said property line and with the said southwest right-of-way line of the location N. 27° 43' 35" W., 82.20 feet to the Point of Beginning and containing 0.11 acre, more or less.

Furthermore, the above-described easement rights are acquired with respect to such appurtenant right, title, and interest as the owner of the above-described land may have in Tract GATN-121, Sumner County, State of Tennessee (Whitson Road), the adjoining road right-of-way shown on the map referenced above.

4. The Clerk of this Court shall furnish to Plaintiff a certified copy of this Judgment which shall serve as a muniment of title. "Vj ku'ecug'ku'F KUO KUUGF 0

It is so ORDERED.

                                            United States District Judge